IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW W. SCHMIDT,

        Plaintiff,

vs.                            Case No. 11-2372-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

Following a favorable decision by the Commissioner of Social Security on February 25, 2013 (Doc. 14-2), plaintiff's attorney, on March 28, 2014, filed a motion for 42 U.S.C. § 406(b) fees (Doc. 14). Defendant filed a response to the motion on April 11, 2014 (Doc. 16). Plaintiff's attorney did not file a reply brief.

Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

recovers past due benefits.  Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

Counsel may seek § 406(b)(1) fees under the authority of Fed.R.Civ.P. 60(b)(6).  A motion for an award of fees under § 406(b)(1) should be filed within a "reasonable time" of the Commissioner's decision awarding benefits.  McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006).  The date of the notice of award was February 25, 2013.  However, the notice of award also has a file stamp from the law firm of Burnett & Driskell stated that the notice of award was received by the law firm on June 24, 2013 (Doc. 14-2).  However, without explanation, plaintiff's attorney did not file their motion until March 28, 2014, 9 months after counsel received notice of the award.

Although McGraw states that a § 406(b)(1) motion should be filed within a reasonable time of the Commissioner's decision awarding benefits (13 months in the case before the court), the court believes it is reasonable to consider the question of a "reasonable time" from the date that plaintiff's counsel received the notice of award (9 months in the case before the court).  See Walker v. Astrue, 593 F.3d 274, 280 (3rd Cir. 2010)(application of the filing deadline for attorney fees is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award).

2

The question before the court is therefore whether 9 months is a reasonable time to file the § 406(b)(1) motion. In the case of Early v. Astrue, 295 Fed. Appx. 916 (10th Cir. Oct. 8, 2008), counsel filed their motion for § 406(b)(1) fees 15 months after the ALJ's favorable decision, and 13 months after counsel received the notice of award. 295 Fed. Appx. at 918. The district court held that the attorney did not file his fee motion with a reasonable time after the Commissioner's decision awarding benefits. Id. On appeal, the 10th Circuit held that the district court decision was not arbitrary, capricious, whimsical, or manifestly unreasonable. 295 Fed. Appx. at 919.

In the case of Johnson v. Astrue, 2008 WL 2026120 at *3 (D. Kan. May 9, 2008), the court stated that a motion seeking § 406(b)(1) fees about 7 months after the fully favorable decision by the Commissioner was "somewhat long,", but the court further noted that counsel justified the delay. By contrast, counsel in this case offered no explanation for a 9 month delay. Even after defendant filed a response brief arguing that the motion was not filed within a reasonable time, counsel failed to file a reply brief to respond to this argument.

In the case of Garland v. Astrue, 492 Fed. Supp.2d 216, 217 (E.D. N.Y. 2007), plaintiff's attorney filed his § 406(b)(1) motion 9 months after receiving notification of the award of

benefits. No explanation was given to the court justifying this lengthy delay.

In determining whether 9 months is a reasonable time period for submitting a § 406(b)(1) motion, the court in <u>Garland</u> examined the applicable time limits for similar applications. Applications pursuant to Rule 54(d) must be submitted within 14 days of the entry of final judgment. EAJA requires that fee applications be filed within 30 days after the expiration of the time for appealing a judgment, or a total of 90 days after entry of judgment. Applications to the Commissioner for an award of attorney fees must be filed within 60 days of the date the notice of the favorable determination is mailed. In <u>Garland</u>, 283 days passed between the issuance of the notice of award and the filing of the § 406(b)(1) motion. The court held that the delay was unreasonable; the court noted that no explanation was provided for the delay and the court found none. 492 F. Supp.2d at 221.

In deciding whether the motion was untimely, the court also considered the effect of the delay on the plaintiff. Plaintiff will receive any sum remaining after the fee award is deducted, so counsel's delay in filing his fee application further postponed plaintiff's receipt of the full award of past-due benefits to which he is entitled. 492 F. Supp.3d at 222.

In the case before the court, counsel did not file his

§ 406(b)(1) motion until 277 days, or 9 months after counsel received the notice of award. As in Garland, counsel provided no explanation for the delay, and the court finds none. Under the circumstances of the case before the court, counsel simply waited too long to file his application and must therefore forfeit his entitlement to a fee. Garland, 492 F. Supp.2d at 223.

IT IS THEREFORE ORDERED that the motion for 42 U.S.C. § 406(b) fees is denied.

Dated this 28th day of May 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge